**Nusha DUHANAJ, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–3791.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

### ORDER

Nusha Duhanaj seeks judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed a finding that she was subject to deportation despite her applications for asylum and withholding of deportation. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Duhanaj is a native and citizen of Albania, who last entered the United States in 1993. The Department of Justice charged that she was deportable because she had entered this country without inspection. Duhanaj conceded deportability, but she applied for asylum and for the withholding of deportation. An immigration judge ("IJ") conducted a hearing at which Duhanaj testified that she and her family had been persecuted by the former Communist government in Albania. The IJ granted her request for voluntary departure but denied her applications for asylum and for the withholding of deportation. The BIA affirmed that decision on June 17, 2002.

To obtain asylum, Duhanaj must show that she is a refugee and also that she is entitled to asylum as a matter of discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted). The BIA's decision must be upheld if it is supported by substantial evidence on the record as a whole, even if we might have decided the case differently. *See Ko-*

liada v. INS, 259 F.3d 482, 486 (6th Cir. 2001). Hence, Duhanaj's petition for review may be granted only if the evidence would compel a reasonable fact-finder to find the requisite fear of persecution. *See id.*

Duhanaj primarily alleged that her grandfather and father were politically active, that the former communist regime in Albania had executed her grandfather in 1951, and that her father was imprisoned for six months after the execution. She also alleged that her parents believed that the former government had spied on her family, that she was ostracized by the other students in middle school, that she was later rejected from a special school for musicians in 1990, that she attended an anti-communist political rally in 1991, and that her family was detained in a "concentration camp" (although it was apparent that she did not have a clear understanding of the phrase). The IJ found that these allegations were not fully credible, and noted several State Department reports which indicate that the former communist regime is no longer in power. Thus, the IJ denied Duhanaj's application for asylum because she was not a refugee as defined in 8 U.S.C. § 1101(a)(42)(A).

We conclude that Duhanaj's allegations do not compel a finding that she has a well-founded fear of persecution and that substantial evidence supports the IJ's finding that she was not a refugee. *See Koliada,* 259 F.3d at 487–88; *Mikhailevitch,* 146 F.3d at 389. Thus, we need not reach the question of whether her asylum application merited a favorable exercise of discretion. *See Koliada,* 259 F.3d at 488. As Duhanaj has not established eligibility for asylum, she is necessarily unable to meet the more rigorous standard required for the withholding of deportation. *See id.* at 489.

Accordingly, Duhanaj's petition for judicial review of the BIA's decision is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.